UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
BALTAZAR FRANCO,

                                         Plaintiff,

        -against-

5 BOROUGHS CONTAINERS LLC, KEWAL SINGH,
DAVINDER KAUR, and BALVINDER SINGH,

                                         Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
25-cv-1908 (JMA)(JMW)

**AZRACK, United States District Judge:**

      Currently pending before the Court is a motion for default judgment filed by Plaintiff Baltazar Franco against Defendants 5 Boroughs Containers LLC, Kewal Singh, Davinder Kaur, and Balvinder Singh (collectively, "Defendants"). Plaintiff alleges that Defendants failed to: (1) pay him overtime wages in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 650 et seq.; and (2) provide him with wage notices and wage statements as required by NYLL §§ 195(1) and 195(3), respectively. For the reasons stated below, Plaintiff's motion for a default judgment is GRANTED and Plaintiff is awarded $205,120.03.

## I. DISCUSSION

### A. **Defendants Defaulted**

      The record reflects that Defendants were properly served in this action. Defendants, however, have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds Defendants in default.

B. <u>Liability</u>

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>Finkel v. Romanowicz</u>, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendants' liability as a matter of law. <u>Id.</u>

The Court finds that the well-pleaded allegations in the Complaint establish violations of the overtime provisions of the FLSA and the NYLL as well as the wage notice and wage statement provisions of the NYLL. The Court also finds that the allegations in the Complaint establish that each of the Defendants is liable for those violations.

C. <u>Damages</u>

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" <u>Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC</u>, 779 F.3d 182, 189 (2d Cir. 2015) (quoting <u>Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.</u>, 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." <u>Credit Lyonnais Sec., Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir. 1999) (citing <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient= evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence. <u>See</u> <u>Cement & Concrete Workers Dist. Council Welfare Fund</u>, 699 F.3d at 234.

Plaintiff's declaration establishes to, a reasonable certainty, that Plaintiff is owed $88,697.00 in unpaid overtime, $88,697.00 in liquidated damages, $17,726.03 in prejudgment

2

interest, $5,000 for wage statement damages, and $5,000 for wage notice damages. Accordingly, Plaintiff's total award is $205,120.03.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted. Defendants are jointly and severally liable to Plaintiff in the amount of $205,120.03.

As is required of any court issuing an "order awarding [NYLL] remedies," the Court makes clear that, under NYLL § 198, "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL §§ 198(4), 663(4); see Martinez v. Dannys Athens Diner Inc., No. 16-cv-7468, 2017 WL 6335908, at *6 (S.D.N.Y. Dec. 5, 2017).

The Clerk of the Court is directed to enter judgment accordingly and close this case. Plaintiff is directed to mail a copy of this Order and the judgment to Defendants and to promptly file proof of service on ECF.

**SO ORDERED.**

Dated: January 30, 2026
Central Islip, New York

                                                  /s/     (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE